# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEMARCUS COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:19-cv-00899-LSC-SGC |
| CORRECTION OFFICER ZACKERY McLEMORE, et al., | ) |
| Defendants. | ) |

## ORDER

Presently pending are two motions filed by the *pro se* plaintiff: (1) a motion seeking appointment of counsel; and (2) a "motion for discovery." (Docs. 4, 5). The plaintiff has also filed a document styled as interrogatories, which the undersigned construes as a second motion for leave to conduct discovery. (Doc. 8). Each motion is addressed in turn.

The plaintiff has moved for appointment of counsel. (Doc. 4). However, no constitutional right to counsel exists in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The appointment of counsel in a civil matter is a privilege justified only by exceptional circumstances, such as novel or complex litigation. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014). Because the plaintiff's claims are neither novel nor complex, appointment of counsel is not warranted at this time. Accordingly, the

motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. (Doc. 4).

The plaintiff's motions for discovery are **DENIED** as **PREMATURE**. (Docs. 5, 8). In accordance with the accompanying Order for Special Report, the defendants will be provided with a copy of the complaint and requested to: (1) sign waivers of service; and (2) submit a special report concerning the factual allegations in the complaint. If the defendants' special report does not supply the discovery the plaintiff seeks, he may request leave to conduct additional discovery in accordance with the instructions in the Order for Special Report.

The Clerk is DIRECTED to serve a copy of this order upon the plaintiff.

**DONE** this 22nd day of July, 2019.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE