# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DEMARCUS COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-00899-LSC-SGC |
| ) | |
| ZACKERY McLEMORE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The plaintiff has stated claims for excessive force against four correctional officers in their individual capacities: (1) Zackery McLemore; (2) Joe L. Binder; (3) Keller Speaks; and (4) Roderick Gadson.  These claims have survived summary judgment.  (Doc. 33; *see* Doc. 31).  In the order for special report, the parties were advised any request for leave to conduct additional discovery must be filed within thirty days from service of the defendant's special report.  (Doc. 10 at 5-6).  The defendants filed a special report on November 20, 2019, supplementing it on February 27, 2020—as ordered—with a copy the plaintiff's medical records and body charts for April 15-16, 2019.  (Doc. 23; *see* Docs. 26, 29).  There have been no requests to conduct additional discovery since that time.  The court attempted to find appointed counsel for the plaintiff, but no counsel could be secured.  (Doc. 34; *see* Doc. 40).  Accordingly, the plaintiff will try his surviving claims *pro se*.

It is **ORDERED** as follows:

1. On or before June 28, 2021, the plaintiff shall file a statement titled "Pretrial Narrative Statement." The plaintiff shall also serve a copy of that statement on the defense counsel. The pretrial narrative statement shall contain:

    (a) a narrative written statement of the facts to be offered by oral or documentary evidence at trial;

    (b) a list of all exhibits to be offered into evidence at trial;

    (c) a list of the full names, home addresses, and places of employment of all non-inmate witnesses to be called to testify at trial;[1]

    (d) a list of the full names, inmate numbers, and places of incarceration of all inmate witnesses to be called to testify at trial;[2]

    (e) a summary of the anticipated testimony of each witness identified in subparagraphs (c) and (d) above; and

    (f) a full and complete itemization of all special and compensatory damages to be proven at trial, including a full explanation of how such damages have been calculated and by what means the damages will be proven.

2. On or before July 13, 2021, the defendant shall file and serve on the plaintiff a "Pretrial Narrative Statement" setting out the information identified in paragraphs 1(a) through 1(e) above.

---

[1] The plaintiff must notify the court of any changes of address for his non-inmate witnesses. Unless a witness is named pursuant to this requirement, the court will not make arrangements to subpoena the witness.

[2] The plaintiff must notify the court of any changes in the places of incarceration of his inmate witnesses. Unless an inmate witness is identified pursuant to this requirement, the court will not arrange for the witness to be at trial.

3. The parties' pretrial narrative statements should include their respective positions concerning whether mediation with a magistrate judge would be helpful.

4. Failure of the parties to disclose fully in their respective pretrial narrative statements the exhibits and the substance of the testimony of witnesses to be offered at trial will result in the exclusion of that evidence at trial. The only exceptions will be (1) matters the court determines are not discoverable at the time of the filing of the pre-trial narrative statement, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

5. This case is **SET** for a pretrial conference at **10:00 A.M.** on **August 3, 2021**, in Courtroom 3A of the Hugo L. Black U.S. Courthouse.

6. This case will be set by separate order for a bench trial before Chief United States District Judge L. Scott Coogler.

**DONE** this 24th day of May, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE