FILED
2021 Aug-06  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMARCUS COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-00899-LSC-SGC |
| | ) | |
| ZACKERY McLEMORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff's excessive force claims against four correctional officers—Zachary McLemore, Joel Binder, Keller Speaks, and Roderick Gadson—in their individual capacities have survived summary judgment.  (Doc. 33; *see* Doc. 31).[1] Presently pending is the parties' joint motion for leave to conduct additional discovery. (Doc. 45).  As set out below, the motion will be granted, subject to certain limitations.

On July 22, 2019, the court entered an order for special report instructing the parties to submit the initial disclosures required by Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE.  (Doc. 10 at 4-5).   The order advised no additional discovery would be allowed absent leave of court and provided the parties thirty days from

---

[1] The plaintiff originally filed this case *pro se*; however, on June 4, 2021 Richard Allan Rice appeared as counsel for the plaintiff.  (*See* Doc. 1, Doc. 44).

service of the special report to seek permission to conduct discovery.  (Doc. 10 at 5-6) ("ANY REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY MUST BE FILED WITH THE COURT WITHIN THIRTY (30) DAYS FROM THE DATE OF THE CERTIFICATE OF SERVICE ON THE SPECIAL REPORT.") (emphasis in original).

The defendants filed a special report on November 20, 2019, supplementing it—as ordered—on February 27, 2020.  (Doc. 23; *see* Docs. 26, 29).  Other than the plaintiff's timely request for medical records following the defendants' special report, the parties did not request leave to conduct additional discovery until June 28, 2021, more than eight months after the court's summary judgment ruling.  (Docs. 25, 45).  In their joint motion, the parties request to "conduct discovery including, but not necessarily limited to, propounding written discovery requests; deposing Plaintiff, Defendants, and other third-party witnesses; and obtaining records from third parties via subpoena."  (Doc. 45 at ¶ 4).  The parties contend they will not be able to adequately present their case at trial without conducting the requested discovery.  (Doc. 45 at ¶ 5).

At the court's direction, the parties filed a report on August 2, 2021, proposing a discovery plan to be completed in 150 days, limited to: (1) the depositions of the plaintiff and any of the plaintiff's trial witnesses; (2) subpoenas for records to the Alabama Department of Corrections ("ADOC"); and (3) the depositions of the

defendants and "Jenkins, McClasky, Brown, Jones, Nurse that did body chart, Mental health professional that spoke to Plaintiff after the incident and Caldwell."[2] (*Id.* at ¶¶ 1-4).. (Doc. 50).   During a telephone conference on August 3, 2021, the parties represented the only relevant, unproduced documents were: (1) the bed roster for the plaintiff's dorm on the date of the incident; and (2) a list of the names of correctional officers on duty at Donaldson Correctional Facility on the date of the incident. (*See* Doc.  48). The parties further expressed their request to schedule the plaintiff's deposition within the month of August 2021 and potentially schedule the depositions of the remaining defendants and other material witnesses.

While the order for special report makes clear any request for leave to conduct discovery must be filed with the court **within thirty days from the date of the certificate of service on the special report**, based on representations made by the parties in both the joint motion and during the telephone conference, the parties request for leave to conduct an in-person settlement conference additional discovery is **GRANTED IN PART**. (*See* Doc. 10; Doc. 45).  Before any depositions are taken, counsel for the parties **SHALL** conduct an in-person settlement conference at a mutually agreeable location within the Southern Division of the Northern District of Alabama.  In the event the parties are unable to agree on a meeting place, counsel

---

[2] During a telephone conference on August 3, 2021, counsel for the defendants clarified Jenkins, McClasky, Brown, and Jones are not defendants or known witnesses and that their names were incorrectly included in the parties' joint submission.

are directed to contact the undersigned's chambers and arrangements will be made for counsel to use space in the Hugo L. Black U.S. Courthouse.  Thereafter, any depositions of the parties **SHALL** be completed by November 5, 2021, and no additional depositions will be allowed except with express leave of court.  To request leave of court, the moving party must file a motion no later than November 19, 2021, specifically identifying the name of the proposed deponent, the scope of the testimony sought, and the reason the initial disclosures and party depositions were inadequate to provide the information sought.  Further, the A.D.O.C is **ORDERED** to provide the defendants with the following material within fourteen (14) days of the entry of this order: (1) the bed roster for the dorm housing the plaintiff, Demarcus Coleman, on the date of the alleged incident, April 15, 2019; and (2) a list of the names of the correctional officers on duty at Donaldson Correctional Facility on April 15, 2019, at the time of the alleged incident.[3]

Finally, the court cautions the parties that no further extensions will be granted.

**DONE** this 6th day of August, 2021.

Staci G. Cornelius
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[3] Only the names of the correctional officers on duty at the entire facility on April 15, 2019, at or around 11:00 AM are to be provided.  No additional biographical information related to any officer should be provided.

4